**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ZOILA DELEON MALDONADO, JUAN JOSE PEREZ,** *and* **HENRY PEREZ,** *individually and on behalf of all others similarly situated* | § § § § § § | |
| | § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **Civil Action No. 4:23-cv-1672** |
| **JPD INVESTMENTS, LLC, BAYBROOK VENTURES, LLC, LOUETTA PINES LETTUCE, LLC, LEAGUE CITY HOLDINGS, LLC, KINGWOOD LETTUCE, LLC, PASADENA VENTURES, LLC,** *and* **JOHN PAUL DAVID** | § § § § § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

ZOILA DELEON MALDONADO, JUAN JOSE PEREZ, and HENRY PEREZ (collectively the "Plaintiffs"), individually and on behalf of all others similarly situated, hereby bring this Complaint against JPD INVESTMENTS, LLC, BAYBROOK VENTURES, LLC, LOUETTA PINES LETTUCE, LLC, LEAGUE CITY HOLDINGS, LLC, KINGWOOD LETTUCE, LLC, PASADENA VENTURES, LLC, and JOHN PAUL DAVID (collectively the "Defendants") and in support thereof respectfully show the Court the following:

### PARTIES

1. Zoila DeLeon Maldonado, Juan Jose Perez, and Henry Perez are individuals who reside in Harris County, Texas.

2. JPD Investments, LLC is a domestic corporation incorporated in Texas, maintaining its principal place of business in Texas, and doing business within this judicial district. JPD Investments, LLC operates as a "Salata" restaurant at 1780 E. NASA Parkway, Houston, Texas 77058. JPD Investments, LLC may be served with process by serving its registered agent John Paul David, 1809 Utah Street, Houston, Texas 77007.

3. Baybrook Ventures, LLC is a domestic corporation incorporated in Texas, maintaining its principal place of business in Texas, and doing business within this judicial district. Baybrook Ventures, LLC operates as a "Salata" restaurant at 700 Baybrook Mall F-160, Friendswood, Texas 77546. Baybrook Ventures, LLC may be served with process by serving its registered agent John Paul David, 1809 Utah Street, Houston, Texas 77007.

4. Louetta Pines Lettuce, LLC is a domestic corporation incorporated in Texas, maintaining its principal place of business in Texas, and doing business within this judicial district. Louetta Pines, LLC operates as a "Salata" restaurant at 1600 Louetta Rd Ste. C, Spring, Texas 77388. Louetta Pines Lettuce, LLC may be served with process by serving its registered agent John Paul David, 1809 Utah Street, Houston, Texas 77007.

5. League City Holdings, LLC is a domestic corporation incorporated in Texas, maintaining its principal place of business in Texas, and doing business within this judicial district. League City Holdings, LLC operates as a "Salata" restaurant at 2515 Gulf Fwy S Ste 300, League City, Texas 77573. League City Holdings, LLC may be served with process by serving its registered agent John Paul David, 1809 Utah Street, Houston, Texas 77007.

6. Kingwood Lettuce, LLC is a domestic corporation incorporated in Texas, maintaining its principal place of business in Texas, and doing business within this judicial district. Kingwood Lettuce, LLC operates as a "Salata" restaurant at 4523 Kingwood Dr Ste 150,

Kingwood, Texas 77345. Kingwood Lettuce, LLC may be served with process by serving its registered agent CK Professional Services, Inc., 651 Bering Dr., Suite 1906, Houston, Texas 77057.

7. Pasadena Ventures, LLC is a is a domestic corporation incorporated in Texas, maintaining its principal place of business in Texas, and doing business within this judicial district. Pasadena Ventures, LLC operates as a "Salata" restaurant at 4531 East Sam Houston Pkwy S, Pasadena, Texas 77505. Pasadena Ventures, LLC may be served with process by serving its registered agent CK Professional Services, Inc., 651 Bering Dr., Suite 1906, Houston, Texas 77057.

8. John Paul David is an individual who resides in Harris County, Texas. He owns and is the director for JPD Investments, LLC, Baybrook Ventures, LLC, Louetta Pines Lettuce, LLC, League City Holdings, LLC, Kingwood Lettuce, LLC, and Pasadena Ventures, LLC. Mr. David may be served with process at 1809 Utah Street, Houston, Texas 77007. Alternatively, Mr. David may be served with process by serving an agent or clerk employed in his office or places of business because this action grows out of or relates to the business he transacts in this state.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiffs' causes of action arise under a federal statute. Specifically, Plaintiffs bring causes of action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201-209.

10. Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

**FAIR LABOR STANDARDS ACT COVERAGE**

11. The Fair Labor Standards Act ("FLSA") was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers…." 29 U.S.C. § 202(a).

12. The FLSA requires employers to compensate employees for all hours worked and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

13. During all times relevant to this Complaint, JPD Investments, LLC, Baybrook Ventures, LLC, Louetta Pines Lettuce, LLC, League City Holdings, LLC, Kingwood Lettuce, LLC, and Pasadena Ventures, LLC (the "Salata Defendants") were and remain a joint, single, or continuous enterprise under Mr. David's operation and common control. Salata Defendants perform related activities, exist under unified operation and common control, and share a common business purpose of operating Salata restaurants for profit. The Salata Defendants' employees engage in commerce or in the production of goods for commerce. 29 U.S.C. § 202(s)(1). The Salata Defendants' employees handle, sell or otherwise work on goods or materials that had been moved in or produced for commerce by others. 29 U.S.C. § 202(s)(1)(A)(i). The Salata Defendants annual gross volume of sales or business done is not less than $500,000 at all times relevant to this Complaint. 29 U.S.C. § 202(s)(1)(A)(ii).

14. During all times relevant to the Complaint, Salata Defendants' employees engage in commerce or in the production of goods for commerce. Employees regularly handle materials and goods that travel through interstate commerce and engage in banking or credit card transactions that cross state lines. *See* 29 C.F.R. § 776.0.

15. At all times relevant to this Complaint, the Salata Defendants have been an "employer" as defined by the FLSA. 29 U.S.C. § 203(g).

16. Mr. David is also an "employer" under the FLSA and individually liable to Plaintiffs for the FLSA violations described in this Complaint. Specifically, as the owner and director, Mr. David had the authority to hire and fire Salata Defendants' employees, including Plaintiffs. Mr. David supervised and controlled Salata Defendants' employee schedules or conditions of employment, including making the decisions regarding Plaintiffs' compensation and tips. Mr. David determined the rate or method of payment for Plaintiffs, including deciding Plaintiffs hourly rate of pay. Mr. David made decisions regarding the portion of tips Plaintiffs received and the amounts improperly kept by management. Mr. David determined or approved Salata Defendants' weekly pay calculations for Plaintiffs. As the owner, Mr. David has the authority and exercises control over the way Plaintiffs are compensated. Mr. David maintains Salata Defendants' employee records, including Plaintiffs' work and pay records. *See Gray v. Powers*, 673 F.3d 352 (5th Cir. 2012).

17. Plaintiffs have been "employees." 29 U.S.C. § 203(e). Further, Plaintiffs were "employed" by Defendants, as they performed work duties at the request of Defendants. 29 U.S.C. § 203(g).

### FACTUAL ALLEGATIONS

18. John Paul David owns and operates numerous Salata restaurants in the greater Houston area, including, JPD Investments, LLC, Baybrook Ventures, LLC, Louetta Pines Lettuce, LLC, League City Holdings, LLC, Kingwood Lettuce, LLC, and Pasadena Ventures, LLC.

19. Plaintiffs have each worked for Defendants at the times relevant to this Complaint.

20. Plaintiffs engage in various tasks intended to serve customers, including, but not limited to, working at the counter taking orders, preparing orders, providing customers information, operating the cash register, preparing food, organizing food and materials, making deliveries to customers, and supporting other work performed to assist in customer service.

21. Plaintiffs are paid an hourly rate.

22. Plaintiffs receive tips from customers as a gratuity in recognition of their service.

23. Plaintiffs participate in a "tip pool" that is facilitated by Mr. David and or his supervisory employees, such as Store Managers.

24. Defendants improperly keep tips from Plaintiffs, primarily to pay for business expenses and operating expenses.

25. Defendants do not pay employees all overtime wages owed. Specifically, Defendants employ persons at multiple locations. In such circumstances, Defendants improperly partition the employees' hours between the locations to minimize overtime payment obligations. Plaintiff Henry Perez has worked at two locations and had his overtime pay minimized in this manner.

### COUNT 1
### FAILURE TO PAY TIPS
### THE FAIR LABOR STANDARDS ACT

26. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

27. A "tip" is a "sum presented by a customer as a gift or gratuity in recognition of some service performed for the customer." *See* 29 C.F.R. § 531.52(a).

28. An employer "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." *See* 29 U.S.C. § 203(m)(2)(B).

29.     An employer may exert control over employees' tips only to: (1) distribute tips to the employee who received them; (2) require employees to share tips with other eligible employees; or (3) distribute tips to other eligible employees in a tip pool where the employer facilitates tip pooling by collecting and redistributing employees' tips.  Any other employer control over employees' tips constitutes keeping tips, which is prohibited by the FLSA.  *See* 29 C.F.R. § 531.52.

30.     Employers may require employees to share or "pool" their tips with other employees.  *See* 29 C.F.R. § 531.52.  An employer may not receive tips from a tip pool and may not allow managers and supervisors to receive tips from a tip pool.

31.     An employer that pays its tipped employees at least the full minimum wage and does not take a tip credit may require tipped employees to contribute to a tip pooling arrangement that includes dishwashers, cooks, or other nonmanagerial employees who are not employed in an occupation in which employees customarily and regularly receive tips.  Still, an employer may not receive tips from such a tip pool and may not allow supervisors and managers to receive tips from the tip pool.  *See* 29 C.F.R. § 531.54.

32.     Where an employer keeps employees' tips in violation of the FLSA, the affected employee or employees may recover (1) all tips unlawfully kept by the employer; and (2) an additional equal amount in liquidated damages.  *See* 29 U.S.C. § 216(b)-(c).

33.     Plaintiffs regularly received tips from customers and participated in a tip pooling arrangement.  Defendants facilitated the tip pooling arrangement.  Defendants unlawfully kept tips from Plaintiffs.

34. As a result of the FLSA violations described above, Defendants are liable to Plaintiffs for the tips unlawfully kept by Defendants and an additional equal amount in liquidated damages.

**COUNT 2**
**FAILURE TO PAY OVERTIME**
**THE FAIR LABOR STANDARDS ACT**

35. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

36. Based on their work duties, Plaintiffs were not exempt from the FLSA's requirements, including requirements to pay overtime. 29 U.S.C. § 207.

37. As non-exempt employees, Defendants were legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate" for the hours they worked more than forty per workweek. 29 U.S.C. § 207(a)(1).

38. Defendants improperly divided Plaintiffs compensable hours between different locations to minimize overtime compensation.

39. Therefore, Defendants did not pay Plaintiffs "at a rate not less than one and one-half times the regular rate" for hours worked more than forty per week as required by 29 U.S.C. § 207(a)(1).

40. As a result of the FLSA violations described above, Defendants are liable to Plaintiffs for back wages equal to the difference between what Defendants should have paid and what Defendants actually paid.

**COUNT 3**
**FAILURE TO MAINTAIN ACCURATE RECORDS UNDER**
**THE FAIR LABOR STANDARDS ACT**

41. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

42. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c).

43. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time and pay records as required by the FLSA.

**COUNT 4**
**WILLFUL VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT**

44. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

45. Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

46. Defendants failed to maintain accurate time and pay records and failed to post an FLSA notice.

47. Because Defendants willfully violated the FLSA, Defendants are liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

**COUNT 5**
**COLLECTIVE ACTION ALLEGATIONS UNDER**
**THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

48. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

49. Other employees of Defendants have been subject to the FLSA violations described above. Specifically, on information and belief, Defendants unlawfully kept tips from other employees and did not pay all overtime hours to other employees. These employees are similarly situated to Plaintiffs because, during the relevant period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA. Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

50. Since Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See* 29 U.S.C. § 216(b).

51. For these reasons, Plaintiffs request that the Court certify this case as a collective action and authorize notice regarding its pendency and the right to join.

**COUNT 6**
**LIQUIDATED DAMAGES, ATTORNEY'S FEES, AND COSTS UNDER**
**THE FAIR LABOR STANDARDS ACT**

52. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

53. Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

54. Plaintiffs are authorized to recover attorney's fees and costs on their claims by statute. 29 U.S.C. § 216(b).

55. Plaintiffs have retained the professional services of the undersigned attorney. Plaintiffs have complied with the conditions precedent to recovering attorney's fees and costs. Plaintiffs have incurred or may incur attorney's fees and costs in bringing this lawsuit. The attorney's fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

56. Defendants are liable to Plaintiffs for liquidated damages, attorney's fees, and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

**JURY TRIAL**

57. Plaintiffs demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ZOILA DELEON MALDONADO, JUAN JOSE PEREZ, and HENRY PEREZ, individually and on behalf of others similarly situated, respectfully pray that

10

Defendants JPD INVESTMENTS, LLC, BAYBROOK VENTURES, LLC, LOUETTA PINES LETTUCE, LLC, LEAGUE CITY HOLDINGS, LLC, KINGWOOD LETTUCE, LLC, PASADENA VENTURES, LLC, and JOHN PAUL DAVID be cited to appear and answer, and Plaintiffs demand the following relief:

    a.    an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b.    judgment be entered against Defendants in Plaintiffs' favor, both individually and on behalf of the putative class members, for back wages (including unpaid hours and unpaid overtime), liquidated damages, and attorney's fees, plus interest and costs;

    c.    judgment be entered that Defendants' violations were willful; and

    d.    all further and other relief and sums that may be adjudged against Defendants in Plaintiffs' favor both individually and on behalf of the punitive class to which Plaintiffs and the putative class may be justly entitled at law or in equity.

Respectfully submitted,

/s/ *Mauro Ramirez*

**MAURO RAMIREZ**
TX State Bar No. 24060460
SD. Tex. No. 877306
**RAMIREZ LAW, PLLC**
1980 Post Oak Blvd.
Suite 100
Houston, TX 77056
P: (713) 955-3480
F: (281) 768-3610
E: mauro@ramirezpllc.com